

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5138 | **DATE** | 2/12/2002 |
| **CASE TITLE** | UNITED STATES OF AMERICA vs. ONE 1996 TOYOTA LAND ROVER DISCOVERY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the United States' motion for summary judgment is granted. WFS', an innocent lien holder, request for $10,206.83 to cover the principal balance on the contract and attorneys' fees and costs is also hereby granted.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 13 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 34 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 00 C 5138 |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| ONE 1996 TOYOTA LAND ROVER DISCOVERY VIN: SALJY1241TA532806 | ) | |
| | ) | |
| Defendant. | ) | |

**DOCKETED**

FEB 1 3 2002

## MEMORANDUM OPINION AND ORDER

Pending before the court is the United States of America's ("United States") motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56. This is a forfeiture case brought under 49 U.S.C. §§ 80302, 80303 (2001). Defendant David Lewis has failed to timely respond to the United States' motion and this Court, on January 28$^{t,h}$ denied his untimely request to do so. Rather, the only opposition brief filed in connection with this motion was that by WFS Financial, Inc. ("WFS") an innocent lien holder. The Court having reviewed the submissions of the parties and the relevant law, grants Plaintiff's motion for summary judgment, and WFS' request is granted.

1

# BACKGROUND

## I. Claimant David Lewis' Failure to File a Local Rule 56.1(b) Statement

Under Local Rule 56.1(a), the moving party on a motion for summary judgment is required to submit a statement of undisputed facts containing citations to the record. The non-movant must then submit a concise response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to affidavits, parts of the record and other supporting materials relied upon, and, a statement consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to affidavits, parts of the record, and other supporting materials relied upon. LR 56.1(b)(3)(A)-(B). In fact, all material facts set forth in the moving party's statement will be deemed to be admitted by the non-moving party unless contested in that party's statement. LR 56.1(b)(3)(B). Therefore, because Lewis has failed to submit a statement in response to the United States' statement of undisputed facts, we will assume that all of the facts contained in the United States' statement that were supported by citations to the record are true. *See Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 922-24 (7th Cir.1994); *see also Bradley v. Work*, 154 F.3d 704, 708 (7th Cir.1998) (maintaining rigid compliance of Local Rule for summary judgment

## II. Undisputed Facts

On January 5, 2000, claimant David Lewis informed an undercover Coach investigator that he had just received a new shipment of Coach handbags. The Coach investigator arranged to meet Lewis on January 7, 2000, at a predetermined location to purchase a handbag. Tow days later, Lewis drove in the defendant vehicle to meet the undercover investigator at a pre-arranged location. (*Id.* ¶ 6). There, law enforcement officers saw Lewis retrieve a large black bag from the

2

defendant vehicle. Then the officer purchased a Coach handbag that Lewis had taken from that bag for $110.00.

On January 14, 2000 the same undercover Coach investigator and an undercover Cook County's Sheriff's police officer arranged to meet Lewis to purchase another Coach handbag. That afternoon, Lewis left his residence carrying a large black plastic bag, placed the beg in the defendant vehicle, and drove to the meeting place. (*Id.* at ¶ 7). At the meeting place, Lewis took the black bag out of the defendant vehicle, opened the bag and revealed to the investigator and officer twelve handbags, some of which bore the Coach trademark. The undercover officer then purchased one counterfeit bag for $130.00.

On January 15, 2000, law enforcement officers obtained a search warrant for the defendant vehicle.( *Id.* at ¶ 9). During a search of the vehicle, customs agents retrieved 16 handbags, 2 watches, 6 wallets, 31belts and 66 coin purses. (*Id.* at ¶¶ 9-11). An expert in identifying counterfeit Coach goods issues a report stating that he inspected the goods seized from the defendant vehicles, and they were counterfeit. The United States Customs Service has retained custody of the Toyota Truck since its seizure. (*Id.* at ¶13). Lewis invoked the Fifth Amendment in response to questions regarding whether law enforcement officers removed "counterfeit Coach leather goods" from the back of the truck, and his knowledge or lack thereof. (*Id.* at ¶ 14). Lewis was convicted of a Class A misdemeanor, unauthorized use of a trademark, and sentenced to two years misdemeanor probation and 90 days in jail. (*Id.* at ¶ 12).

WFS in response to United States' motion for summary judgment, does not contest the United States' motion but asks this Court to grant $ 7,414.21 for the outstanding balance on the truck, and $2,791.62 in attorneys' fees and costs. On December 29, 1999 Lewis purchased the 1996 Land Rover from Bahary Motors, pursuant to a Retail Installment Contract. Bahary

3

Motors assigned its rights, title and interest in the contract to WFS. Pursuant to WFS' assignment agreement, WFS succeeded to Bahary Motors' first priority security interest against the Land Rover. The United States recognizes WFS as an innocent lien holder and does not oppose its request for reimbursement for the principal balance nor the fact that WFS is entitled to attorneys' fees.

## DISCUSSION

Summary Judgment is proper when there remains no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Thus, although the moving party on a motion for summary judgment is responsible for demonstrating to the Court why there is no genuine issue of material fact, the non-moving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate through specific evidence that there remains a genuine issue of material fact and show that a rational jury could not return a verdict in the non-moving party's favor. *Celotex*, 477 U.S. at 322-27; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986).

## I. Forfeiture of the Truck

The United States, as the party seeking forfeiture, has the initial burden of establishing probable cause that the property is subject to forfeiture. *United States v. All Assets and Equipment of West Side Bldg. Corp.*, 58 F.3d 1181, 1187 (7th Cir. 1995). The United States must establish "a reasonable ground for belief of guilt supported by less than *prima facie* proof but more than mere suspicion." *Id.* at 1188. A probable cause analysis looks to the totality of the circumstances surrounding the situation, requiring only a "probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 230, 244 n.13 (1983). Once the United States establishes probable cause, the ultimate burden shifts to the claimant to prove by a preponderance of the evidence that the property is not subject to forfeiture. *United States v. $87,118.00 in U.S. Currency*, 95 F.3d 511, 518 (7th Cir. 1996).

The United States has met that burden here. On January 7, 2000, Lewis drove the truck to a pre-arranged meeting, retrieved counterfeit goods from the rear of the truck, and informed the undercover agents that there were more Coach items inside. (Pl.'s LR 56.1(a)(3) ¶ 6.) On January 14, Lewis again placed counterfeit Coach goods into the truck, drove it to a pre-arranged meeting place, and sold a bag to an undercover officer from the truck. (*Id.* at ¶ 7.) Moreover, on January 15, 2000, law enforcement officers found 161 pieces of what would later be determined to be counterfeit Coach leather goods. (*Id.* at 7, 9-11, 14.) The most Lewis has done to exonerate himself is to refuse to testify about the facts leading up to the seizure, the seizure itself and the origin of the counterfeit bags. It is well established that an

5

adverse inference may be drawn against a party in a civil action who refuses to answer questions by invoking the Fifth Amendment privilege. *Baxter v. Palmigano*, 425 U.S. 308, 320 (1976) Finally, as Lewis has offered no affirmative evidence whatsoever, we are left with out reason to deny the United States' motion. Based on the above, the Court finds that 1996 Toyota Land Rover Discovery, VIN: SALJY1241TA532805, which is the subject of this action was properly seized and forfeited to the United States government pursuant to 49 U.S.C. §§ 80302, 80303 (2001).

### II. WFS' Requests for Reimbursement

It is undisputed that Lewis was indebted to WFS in the amount of $7,415.21 for the principal balance on the contract. In addition, WFS' attorneys fees and costs in the matter are $2,791.62. Consequently, WFS' claim against its collateral, the 1996 Land Rover equals $10,206.83. WFS is thus entitled to receive $10,206.83 from the proceeds of any sale of the 1996 land Rover authorized by this Court.

### CONCLUSION

For the foregoing reasons, the United States' motion for summary judgment is granted. WFS' request for $10,206.83 to cover the principal balance on the contract and attorneys' fees and costs is also hereby granted.

**IT IS SO ORDERED**

ENTERED: 2/12/02

HON. RONALD A. GUZMAN
**United States Judge**